IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| David Simpson, | Case No. 1:09 CV 504 |
|         Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| J. T. Shartle, | |
|         Respondent. | |

*Pro se* Petitioner David Simpson filed this Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. §2241. Simpson is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton). He asserts Respondent J. T. Shartle, F.C.I. Elkton Warden, violated his right to due process. Simpson seeks restoration of privileges and good credit time (GCT) forfeited as a sanction for violating Bureau of Prisons (BOP) Code 108.

## BACKGROUND

On August 15, 2008, an F.C.I. Elkton Disciplinary Hearing Officer (DHO) determined Simpson committed the prohibited act of possessing a cell phone in violation of Code 108 (Possession, Manufacture, or Introduction of a Hazardous Tool). Petitioner was sanctioned with 60 days disciplinary segregation, disallowance of 40 days GCT, and 365 days loss of telephone and visiting privileges.

Petitioner admits he possessed the cell phone. However, he appeals the DHO's decision, arguing the 2007 Inmate Handbook failed to give "fair notice of [a] new rule changed in 2006" (Doc.

No. 1, p. 3). He claims he was never put on notice that possession of a cell phone was reclassified as a Code 108 violation. Further, he maintains the DHO imposed excessive sanctions because 28 C.F.R. § 541.12 does not include the temporary loss of visitation as a sanction for Code 108 violations. Finally, he complains that although the Central Office was originally required to respond to his BP-11 request by January 10, 2009, the BOP asked for an extension until January 31, 2009 but the Central Office failed to respond to the request until February 17, 2009.

## **ANALYSIS**

Petitioner asserts Respondent violated his right to due process. This argument is based on Respondent's failure to "notify" him that possession of a cell phone had been changed to a Code 108 violation. This argument, as well as Simpson's complaints regarding excessive sanctions and the Central Office's belated reply, are not well taken.

## **28 U.S.C. § 2241**

The federal habeas statute provides, in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The Supreme Court has interpreted this provision to include cases in which a prisoner loses GCT as a result of disciplinary proceedings. The Court found that a habeas challenge was appropriate in such an instance because the prisoners:

> alleged that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal physical confinement, i.e., that once their conditional-release date had passed, any further detention of them in prison was unlawful; and they sought restoration of those good-time credits, which, by the time the District Court ruled on their petitions, meant their immediate release from physical custody.

*Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Because the loss in GCT has the net effect of increasing a prisoner's period of incarceration, the matter is properly filed as a habeas action.

## DUE PROCESS

Inmates facing disciplinary hearings are to be afforded: (1) written notice of the charged violation; (2) disclosure of the evidence against them; (3) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (4) a neutral and detached hearing body; and (5) a written statement by the fact finders as to evidence relied on and reasons for any disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974). Additionally, there must be "some evidence" to support the disciplinary board's conclusions. *Superintendent, Mass. Corr. Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985). The quantity of evidence to support a disciplinary conviction is minimal and does not involve the independent assessment of witness credibility or weighing of evidence by the federal courts. *Id.* Consequently, a prison disciplinary decision should be upheld if "some evidence" in the record supports the decision. *Id*. at 455-56.

As a threshold matter, there is no dispute "some evidence" existed to support the DHO's conclusion Simpson committed the prohibited act. He never disputed possession of a cell phone. His alleged "due process" claim is directed at the *Code classification* of his offense, an issue well beyond this Court's habeas corpus subject-matter jurisdiction. *Id*. Further, he does not explain how a 17-day delay in receipt of the Central Office's response violated his due process rights. There is no allegation Simpson suffered an atypical or significant hardship as a result of this delay. *See Sandin v. Conner*, 515 U.S. 472, 483-844 (1995) (prisoner's liberty interests limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life).

3

More importantly, Simpson admitted guilt to the charges. And he failed to show any violation of due process rights in his disciplinary hearing as required by *Wolff*.

### SANCTIONS

Simpson also asserts the discipline he received was excessive. Within the Code of Federal Regulations, the BOP has four categories of prohibited acts -- Greatest, High, Moderate, and Low Moderate. Petitioner's violation involved an act of Greatest severity. 28 C.F.R. § 541.13(a). Specific sanctions are authorized for each category and the imposition of a sanction requires a DHO finding that Petitioner committed a prohibited act. *Id.* The DHO found Petitioner violated Code 108. Accordingly, the DHO was mandated to "impose and execute *one or more* of sanctions A through E." 28 C.F.R. § 541.13(a)(1) (emphasis added). Furthermore, "[t]he DHO may impose and execute sanction F and/or G only in addition to execution of one or more of sanctions A through E." *Id*. The DHO chose to impose sanctions B.1, D. and G.[1] Each of the sanctions imposed by the DHO is included in "Table 3 — Prohibited Acts and Disciplinary Severity Scale." At an absolute minimum, Simpson was subject to disallowance of up to 41 days GCT and disciplinary segregation. The Regulation clearly provides that prisoners are subject to the loss of privileges, as long as the sanction

---

[1] The relevant sanctions are described as follows:

> B.1 Disallow ordinarily between 50 and 75% (27-41 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
> * * *
> D. Disciplinary segregation (up to 60 days).
> * * *
> G. Loss of privileges (Note -- can be in addition to A through E -- cannot be the only sanction executed).

28 C.F.R. § 541.13, tbl. 3

is in addition to others imposed. Because the DHO imposed sanctions well within the provisions of the Regulation, Simpson's claim of excessive sanctions is without merit.

## CONCLUSION

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. §2243. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

July 21, 2009